IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JAMES PAUL DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-912-MJR-DGW |
| | ) | |
| C/O HUGANE, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are: the Motion for Rule 23(a) Lateral Institution Transfer filed on February 20, 2014 (Doc. 27), the Motion for Order to Prohibit Pinckneyville CC from opening Mail/Motion for Lateral Transfer to Danville CC filed on February 24, 2014 (Doc. 31), the Motion for Copy of Motion for Summary Judgment (Doc. 32) filed on February 24, 2014, and the Motion for Extension of Time to Respond (Doc. 33) filed on February 28, 2014 by Plaintiff, James Paul Duncan. For the reasons set forth below, the Motion for Rule 23(a) Lateral Transfer is **DENIED**, the Motion for Order is **DENIED**, the Motion to Copy is **DENIED WITHOUT PREJUDICE**, and the Motion for Extension of Time is **GRANTED IN PART**.

Plaintiff's September 3, 2013 Complaint (Doc. 1) alleges that Defendant Hugane, the Property Room Supervisor, destroyed his property in retaliation for Plaintiff's refusal to testify falsely against another inmate and in retaliation for a grievance that Plaintiff filed against him. On February 20, 2014, Defendant filed a Motion for Summary Judgment (Doc. 28) on the issue of exhaustion of administrative remedies. Plaintiff's response to this Motion is due on March 27,

2014 and a hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) will be held on April 16, 2014.

In the present motions, Plaintiff seeks an immediate transfer to the Danville Correctional Center (Plaintiff currently is housed at the Pinckneyville Correctional Center) because he is not being given adequate time to conduct legal research, because another Correctional Officer, "Clerk," is retaliating against him for his lawsuit against Defendant Hugane, and because the staff at Pinckneyville CC are opening "sealed legal mail, sent out by Plaintiff to his counsel, and the court clerk." Plaintiff also states that because there is a "Federal Court Transfer Hold" on him, he is not being transferred to a different facility (Plaintiff appears to have filed a petition for a writ of habeas corpus where such a motion for lateral transfer was filed). Plaintiff further seeks a copy of Defendant's Motion for Summary Judgment and an extension of time to file a response (until May 2, 2014).

First, this Court is not involved in the day-to-day operations of Pinckneyville CC such that it would order Plaintiff's transfer, mandate his unfettered access to a law library, or otherwise dictate the terms of his confinement. Those decisions are better left to prison staff. As Defendant points out, Federal Rule of Appellate Procedure 23(a) allows for transfer of an inmate pending review of a decision in a habeas corpus proceeding. This matter, however, is a claim of retaliation pursuant to § 1983 and not a petition for a writ of habeas corpus and Rule 23(a) does not apply. In any event, the Rule does not permit the Court to *sua sponte* transfer a state prisoner to another state-run facility. As to law library access, Plaintiff may seek an extension of time to file responses or motions if he has limited access to the law library. The Court can accommodate reasonable requests for extension of time. To the extent that Plaintiff is alleging that third-party correctional officers are retaliating against him, the Court would note that the only claim in this

2

case is with respect to Defendant Hugane's actions.

Second, with respect to Plaintiff's legal mail, this Court also will not micro-manage Pinckneyville CC's mailroom; especially as there is no assertion that the opening of Plaintiff's mail has somehow interfered with his ability to litigate this action. To the extent that the prison may be opening legal mail directed to other Courts or to his counsel, he should raise such concerns with those Courts or with his attorney. This Court notes that Plaintiff is not represented by counsel in this case and documents being sent to or from the Clerk's Office are generally part of the public record. If Plaintiff experiences delays in receiving his mail or believes that mail is not being forwarded to this Court, he may seek an extension of time to either respond or file a document.

Third, Plaintiff is **GRANTED** until April 10, 2014 to file a response to the Motion for Summary Judgment on the issue of exhaustion. The Court is mindful that Plaintiff may not have a significant amount of time to conduct legal research. However, Plaintiff, who is proceeding *pro se*, need not provide the Court with an extensive legal treatise on the issue of exhaustion. Rather, Plaintiff's response should contain facts related to his effort to exhaust his administrative remedies. Plaintiff appears more than capable of filing documents with the Court and should be able to respond by the deadline.

Fourth, Plaintiff requests a copy of the Motion for Summary Judgment, indicating that he received notification that they were filed but did not actually receive the document. The Court notes that Defendant mailed the Motion for Summary Judgment to Plaintiff on February 20, 2014 and that Plaintiff filed his Motion on February 24, 2014. It is likely that Plaintiff merely had not yet received the Motion for Summary Judgment before the filed his Motion with the Court. However, if Plaintiff still has not received the Motion (and memorandum), he should file a Motion

requesting a copy immediately.

For the foregoing reasons, the Motion for Rule 23(a) Lateral Transfer is **DENIED**, the Motion for Order is **DENIED**, the Motion to Copy is **DENIED WITHOUT PREJUDICE**, and the Motion for Extension of Time is **GRANTED IN PART**.   Plaintiff's response to the Motion for Summary Judgment is due by April 10, 2014.


**IT IS SO ORDERED.**

**DATED: March 10, 2014**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**