IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES PAUL DUCAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-912-MJR-DGW |
| ) | |
| EDWARD HAGENE, ) | |
| ) | |
| Defendant. ) | |

JAMES PAUL DUNCAN,

  Plaintiff,

v.                                            Case No. 3:13-cv-912-MJR-DGW

EDWARD HAGENE,

  Defendant.

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendant, Edward Hagene,[1] on February 20, 2014 (ECF 29) be **DENIED** and that the Court adopt the following findings of fact and conclusions of law.

### BACKGROUND

Plaintiff, James Paul Duncan, who currently is housed at the Stateville Correctional Center, complains of events that took place at Pinckneyville Correctional Center around December 11, 2009. While at the Pinckneyville CC, Plaintiff was placed in segregation for 6 months on June 11, 2009. During that time period, certain property (including a television and

---

[1] This Court **RECOMMENDS** that the Clerk of Court be directed to correct the docket sheet to reflect the true name and spelling of Defendant Edward Hagene.

typewriter) valued at $415.95, was stored by prison officials. After being released from segregation on December 11, 2009, Plaintiff was informed that his property was lost and he filed a grievance.[2] Plaintiff alleges that, in response to the grievance, Defendant Hagene, a property room supervisor, submitted a forged and back-dated "destroy order" that was then used to deny his grievance and prevent him from seeking compensation. Plaintiff claims that not only was the property destroyed in violation of IDOC policies but also in retaliation for Plaintiff's refusal "to assist in bearing false witness against another offender."

In its Screening Order pursuant to 28 U.S.C. § 1915A, the District Court permitted Plaintiff to proceed on one count: a retaliation claim against Defendant Hagene for destroying property because Plaintiff would not testify, or provide false information, against another inmate.

On February 20, 2014, Defendant Hagene filed a Motion for Summary Judgment on the issue of exhaustion (ECF 28) along with a memorandum and a Federal Rule of Civil Procedure 56 Notice (ECF 29 and 30). Plaintiff filed a response on March 14, 2014 (ECF 41) along with a memorandum (ECF 42). A hearing pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir, 2008), was held on April 24, 2014 in which Plaintiff and Defendant both appeared by videoconference and testified.

## FINDINGS OF FACT

Plaintiff submitted one grievance, which is attached to the Complaint, on January 27, 2010 related to his lost property. The grievance states that Plaintiff's property was not returned when he was released from segregation on December 11, 2009, that he was never given an inventory list from the property room, and that his missing items should be replaced (ECF 1-1, pp. 4-5). The grievance does not name Defendant Hagene nor does it assert that the items were

---

[2] While perhaps not relevant to the exhaustion issue, Plaintiff was put in segregation because he removed a metal piece from his typewriter and used it to pry open his TV.

destroyed intentionally and in retaliation. A counselor responded on February 11, 2010 by stating that the grievance was untimely (*Id.* at 4). A grievance officer responded on February 19, 2010 also stating that the grievance was untimely:

> Per DR504 you have 60 days from date of incident to write a grievance on an issue. Property was confiscated in June 2009. Only grievance on this issue was written on IDR; no grievance was ever received in grievance office on property that was confiscated. You also sign personal property paperwork 6/12/09 indicating you wanted damaged/altered items (TV, Fan, Lamp, Typewriter) to be destroyed (*Id.* at 8).

The Administrative Review Board similarly found that the grievance was untimely on May 5, 2010 (*Id.* at 9). Plaintiff filed as an exhibit to his Complaint a "personal property inventory of non-approved items" dated June 12, 2009 and purportedly signed by Plaintiff and Defendant (*Id.* at 20). The document has the word "Destroy" written along with a notation that various items, including a television and typewriter, are "Damaged/Altered."

At the hearing, Plaintiff testified that he became aware that his property was destroyed by Defendant (in retaliation) at some point between December 11, 2009 and January 27, 2010 after speaking with his counselor, Staphee. Plaintiff further testified that he did not name Defendant in the grievance because he did not want to "put the finger on him" and accuse him of intentionally destroying his property. Plaintiff nonetheless indicated that he placed enough descriptive information in the grievance to identify Defendant as the culpable party.

## CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833,

836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*,182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out,

and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has exhausted his remedies. *Id.* 544 F.3d at 742. If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. §504.810(b). The grievance officer is required to advise the Chief Administrative Officer ("CAO" – usually the Warden) at the facility in writing of the findings on the grievance. *Id.* § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id.* § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the Administrative Review Board for a final decision. *Id.*, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate may request that a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what

action shall be taken. *Id.* §504.840.

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id.* Prisoners are required only to provide notice to "responsible persons" about the complained-of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

It appears that Plaintiff did not "discover" that his property was destroyed until after he was released from segregation and after he spoke with his counselor. Therefore, a grievance filed on January 27, 2010 would appear to be timely, and should have been considered on the merits by the prison, as to issue of lost property. Plaintiff also exhausted this grievance by appealing the matter to the ARB. Defendant argues that this grievance does not, however, exhaust Plaintiff's remedies because he did not specifically name Defendant Hagene nor did he complain that his property was destroyed in retaliation.

Whether an inmate exhausts his administrative remedies depends on the regulations that govern the administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to

system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). Regulations provide that:

> The grievance shall contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible. 20 Ill. Adm. Code § 504.810(b).

Arguably, the January 27, 2010 grievance did not contain "each aspect" of Plaintiff's complaints – it did not include a claim that the property was intentionally destroyed (merely that it was lost) in retaliation for Plaintiff's refusal to provide information on another inmate. Nonetheless, the prison responded to the grievance by stating that the items were intentionally destroyed, albeit with Plaintiff's permission. A "grievance serve[s] its function by providing prison officials a fair opportunity to address his complaint." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011); *see also*, *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) ("When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. As in a notice-pleading system, the grievant need not lay out the facts, articulate legal theories, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming."). While Plaintiff could have been more forthcoming in the nature of his claim, he was not required to set forth all the elements of a claim as if the grievance were a formal complaint filed in Court. The prison was well aware that his property was destroyed; that Plaintiff did not in particular complain about the "destruction" of his property, the prison had sufficient information to respond (and in fact did respond).

Moreover, that Plaintiff did not in particular allege that the property was destroyed in retaliation also is not fatal to his claim. The grievance form filled out by Plaintiff indicated that he was complaining of "staff conduct" and "personal property." It directed Plaintiff to state a

"brief summary of grievance." The form did not instruct Plaintiff to either name Defendant in particular nor did it, or the regulations cited above, instruct Plaintiff to theorize as to why action was taken against him. Plaintiff provided the prison with sufficient information to grieve the loss of his property. The PLRA requires nothing more.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendant, Edward Hagene, on February 20, 2014 (ECF 29) be **DENIED**, that the Clerk of Court be **DIRECTED** to correct the docket sheet to reflect the true name and spelling of Defendant Edward Hagene, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 6, 2014**

                                    **DONALD G. WILKERSON**
                                    **United States Magistrate Judge**