IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES PAUL DUNCAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 13-CV-912-NJR-DGW |
| | ) |
| EDWARD HAGENE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

On September 3, 2013, Plaintiff James Paul Duncan, currently an inmate at the Pontiac Correctional Center ("Pontiac"), filed this lawsuit pursuant to 42 U.S.C. § 1983. Plaintiff alleges that, while he was incarcerated at Pinckneyville Correctional Center, Defendant Edward Hagene retaliated against him in violation of his First Amendment rights. More specifically, Plaintiff asserts that Defendant destroyed his property, including a television and typewriter, for refusing to provide false testimony against a fellow inmate. Plaintiff further alleges that Defendant forged a "destroy order" in retaliation for Plaintiff filing a grievance.

Now pending before the Court is the Motion for Summary Judgment filed by Defendant on March 23, 2015 (Doc. 85) and the Motion to Dismiss Defendant's Summary Judgment filed by Plaintiff on April 29, 2015 (Doc. 94). The Court has carefully considered the briefs and all of the evidence submitted by the parties and, for the reasons set forth

below, grants Defendant's Motion for Summary Judgment and strikes Plaintiff's Motion to

Dismiss.

## PROCEDURAL AND FACTUAL BACKGROUND

All facts are construed in a light most favorable to Plaintiff. *Miller v. Gonzalez*, 761

F.3d 822, 826 (7th Cir. 2014). Facts are undisputed except where noted.

During the relevant time period, Plaintiff was incarcerated at the Pinckneyville

Correctional Center where Defendant served as a Personal Property Officer (Doc. 86-2). On

June 10, 2009, prison officials were notified that an eight inch by one inch piece of metal was

found in an equipment closet at Pinckneyville (Doc. 86-3, at ¶ 4). The prison was placed on

lockdown, and it was determined that the metal piece came from a Brother ML 100

typewriter owned by Plaintiff (Doc. 86-3, at ¶¶ 5-6, 8). On June 11, 2009, Plaintiff was placed

in segregation, and his property was inventoried by the Segregation Property Officer (who

is not Defendant) (Doc. 86-1, pp. 12-13; Doc. 86-2). The Segregation Property Officer issued

a "personal property inventory of non-approved items" to Plaintiff indicating that his fan,

TV, and lamp were considered contraband, i.e., property that is damaged, non-functional,

or bought or traded with another inmate (Docs. 86-2, 86-6). Plaintiff was subsequently

issued a disciplinary ticket on July 8, 2009 (Docs. 86-3, 86-5). Contraband items are retained

during disciplinary proceedings and then destroyed (Doc. 86-3, ¶ 11). From this evidence,

which is undisputed, it appears that Defendant had nothing to do with Plaintiff's property,

its confiscation, or its destruction.

On September 3, 2013, Plaintiff filed his Complaint (Doc. 1). On January 8, 2014,

Defendant filed an Answer asserting the affirmative defense of failure to exhaust

administrative remedies (Doc. 22). After the issue was briefed by the parties (Docs. 28, 29,

41), an evidentiary hearing was held before Magistrate Judge Donald G. Wilkerson on April

24, 2014 (Docs. 54, 57), and a Report and Recommendation was issued on May 6, 2014 (Doc.

56). Magistrate Judge Wilkerson found that:

1. Plaintiff became aware that his property had been destroyed or damaged (in retaliation) by Defendant at some point between December 11, 2009, and January 27, 2010; and
2. Plaintiff filed a grievance about the destroyed property on January 27, 2010, appealed the matter to the Administrative Review Board ("ARB"), and received a response from the ARB on May 5, 2010.

Accordingly, Magistrate Judge Wilkerson concluded that Plaintiff had exhausted his

administrative remedies by May 5, 2010. After no party objected to the findings, the

undersigned adopted the findings of fact and the conclusions of law contained in the

Report and Recommendation (Doc. 66).

On March 23, 2015, Defendant filed his Motion for Summary Judgment. Defendant

asserts that Plaintiff's claim is barred by the statute of limitations and that his property

would have been destroyed regardless of any alleged retaliatory motive. On April 7, 2015,

Plaintiff responded arguing, in part, that there is no evidence that the property was

contraband and therefore it should not have been destroyed.[1] Defendant filed a Reply to

Plaintiff's Response on April 24, 2015 (Doc. 93).

On April 29, 2015, Plaintiff filed his Motion to Dismiss Defendant's Summary

Judgment (Doc. 94). Plaintiff's Motion to Dismiss, which the Court construes as a sur-reply,

reiterates objections filed within Plaintiff's Response to the Motion for Summary Judgment

(Doc. 91). Local Rules dictate that under no circumstances will sur-reply briefs be accepted.

---

[1] Plaintiff also argues that the Court previously rejected the Defendant's grounds for relief when it considered a Motion for Summary Judgment filed by Defendant on Jan. 8, 2014. Defendant did not file a Motion for Summary Judgment that day; rather, he filed an Answer to the Plaintiff's Complaint (Doc. 22).

*See* SDIL-LR 7.1(c)(2). Accordingly, Plaintiff's sur-reply brief reiterating previous objections will not be considered by this Court and is stricken.

## DISCUSSION

The standard applied to summary judgment motions under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows:

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the Court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial . . . . A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (citations and quotations omitted). No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (citations omitted).

The statute of limitations for a § 1983 claim is equivalent to the two year limitations period in the State of Illinois for a personal injury action. *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). When the limitations period begins to run is governed by federal law. *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006); *Smith v. City of Chicago Heights*, 951 F.2d 834, 839-40 (7th Cir. 1992) (because the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application, federal courts must

also borrow[] the state's tolling rules--including any equitable tolling doctrines). Such tolling doctrines are adopted unless the rules are inconsistent with the Constitution and laws of the United States. *Smith,* 951 F.2d at 837 n.1. Illinois law provides that the statute of limitations is tolled during the time a prisoner exhausts his administrative remedies, which is required by the Prisoner Litigation Reform Act, 42 U.S.C. § 1997e(a). *Johnson*, 272 F.3d at 522.

Plaintiff's claim accrued, and the limitations period began to run, by at least January 27, 2010, when he knew that his property was destroyed. *See Logan v. Wilkins*, 944 F.3d 577, 581-582 (7th Cir. 2011). He grieved the issue and received a final response from the ARB on May 5, 2010. From January 27, 2010, until May 5, 2010, the limitations period was tolled. Thus, the limitations period expired on May 5, 2012--pursuant to Illinois's two year limitations period for personal injury actions. Plaintiff did not file his Complaint, however, until September 3, 2013--more than a year later. Thus, Plaintiff's Complaint was filed outside of the limitations period.

Plaintiff argues that the statute of limitations period should have tolled while he was pursuing a claim with the Illinois Court of Claims (Doc. 91-2, p. 1). But Section 1983 does not require Plaintiff to exhaust state judicial remedies prior to filing suit in federal court. *Savory*, 469 F.3d at 674. Plaintiff is mistaken in believing that he was required to file a claim (regarding the loss of property) in state court prior to pursuing his constitutional claims in this Court.

Then again, Plaintiff's argument may be that he was entitled to equitable tolling while he pursued his constitutional claims in state court. *See* 735 ILL.COMP.STAT. § 5/13-217; *Edwards v. Safer Found., Inc.*, 525 N.E.2d 987, 990 (Ill. App. Ct. 2007). The Illinois tolling

statute provides that a claim that is dismissed for lack of subject matter jurisdiction by the Illinois Court of Claims can be refiled within a year. 735 ILL.COMP.STAT. § 5/13-217. Thus, if Plaintiff pursued his constitutional claim in the Court of Claims, he may have had a year from a dismissal for lack of subject matter jurisdiction to file his suit in this Court.

A review of Plaintiff's complaint before the Illinois Court of Claims reveals that he was not pursing any constitutional claims before that entity.[2] Rather, Plaintiff was only seeking compensation for his damaged property without reference of any instances of retaliation or other theory that would bring such a claim within the ambit of the Eighth Amendment. The complaint states that it sounds in tort and seeks compensation for the conversion of his property (Doc. 99, p. 3). An affidavit attached to the complaint makes no mention of any constitutional claims (Doc. 99, pp. 10-11). Therefore, Plaintiff cannot benefit from any tolling due to his Court of Claims filing. As a result, Plaintiff's Complaint in this Court is untimely.

Even if Plaintiff's Complaint was timely, his claim would still fail as a matter of law. In order to prevail on a claim of retaliation, Plaintiff must show he engaged in a First Amendment activity, he suffered an adverse action that would chill such activity, and that the activity was a "motivating" factor for the action. *Bridges v. Gilbert*, 557 F.3d 541, 551-552 (7th Cir. 2009). Plaintiff has presented no evidence supporting any of these elements. Further, as indicated above, the only evidence regarding the destruction of Plaintiff's property was that it was confiscated and destroyed by a person other than Defendant

---

[2] Defendant does not address the application of this tolling provision in his reply brief. On July 24, 2015, this Court directed Defendant to submit a copy of the state court complaint (Docs. 98 and 99).

because it was considered contraband. Thus, there is no evidence that Plaintiff's property was destroyed in retaliation by Defendant.

## CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment filed by Defendant Edward Hagene on March 23, 2015 (Doc. 85) is **GRANTED**, and the Motion to Dismiss Defendant's Summary Judgment filed by Plaintiff James Paul Duncan on April 29, 2015 (Doc. 94) is **STRICKEN**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and against Plaintiff.

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should

reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and submitted on-time, the 30-day clock for filing a notice of appeal will be stopped. FED. R.APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R.APP. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760–61 (7th Cir. 2001); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues

Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED: August 20, 2015**

s/ **Nancy J. Rosenstengel**
**NANCY J. ROSENSTENGEL**
**United States District Judge**